**UNITED STATES DISTRICT
COURT MIDDLE DISTRICT OF
GEORGIA VALDOSTA DIVISION**

NILSON BARAHONA, NIKOLAS GAZETAS,
and OMAR ISAIAS TAVIR GARCIA,

     *Plaintiffs,*

VS.                               **CIVIL ACTION NO. 7:23-cv-00024-HL**

LASALLE MANAGEMENT COMPANY, LLC
d/b/a LASALLE CORRECTIONS, LASALLE
CORRECTIONS, LLC, LASALLE
SOUTHEAST, LLC, and IRWIN COUNTY
DETENTION CENTER, LLC, CGL IRWIN
PROPERTIES, LLC, and CGL/LASALLE
IRWIN PROPERTIES, LLC

     *Defendants.*

---

### LASALLE SOUTHEAST, LLC'S RULE 12(b)(6) MOTION TO DISMISS

---

     **COMES NOW**, Defendant, LaSalle Southeast, LLC ("LaSalle SE"), which files this *Rule 12(b)(6) Motion to Dismiss* as to the *First Amended Complaint* [Doc. 30] filed by Plaintiffs Nilson Barahona, Nikolas Gazetas, and Omar Isaias Tavir Garcia (collectively, "Plaintiffs") for failure to assert facts sufficient to establish a cause of action, and in support thereof, states as follows:

     1.     Pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, LaSalle SE respectfully moves this Court to dismiss the *First Amended Complaint*.

2.      Plaintiffs instituted this class action lawsuit on March 10, 2023, asserting two primary types of allegations pertaining their period of confinement as detainees at the Irwin County Detention Center ("ICDC") in Ocilla, GA.

3.      First, Plaintiffs assert facts pertaining to the conditions of their confinement, which mirror allegations typically asserted in claims involving alleged violations of the Eighth Amendment. Second, Plaintiffs assert facts pertaining to LaSalle's alleged failure to pay Plaintiffs in accordance with the federal minimum wage standard, essentially stating a claim under the Fair Labor Standards Act.

4.      Yet, neither of those causes of action is found in the *First Amended Complaint*. Instead, likely recognizing that their claims are precluded under applicable law, Plaintiffs', relying on the same factual allegations, asserts claims for: (1) violation of the Trafficking Victims Protection Act, 18 U.S.C. § 1589 (forced labor); (2) attempt to commit forced labor in violation of the Trafficking Victims Protection Act, 18 U.S.C. § 1594(a); (3) obstructing enforcement of the Trafficking Victims Protection Act in violation of 18 U.S.C. § 1590; (4) unjust enrichment; and (5) violation of the Alien Tort Statute.

5.      Plaintiffs' allegations, however, fall short of meeting the standard required to state a claim under these enumerated causes of action.

6.      First, the TVPA claims asserted in Counts One, Two, and Three fail because Plaintiffs have not alleged facts sufficient to establish the required elements of a forced labor claim under the  TVPA. Specifically, Plaintiffs have failed to allege any conduct by LaSalle SE from

which the Court could reasonably find that LaSalle SE intended to obtain Plaintiffs' labor through means of coercion.

7.    Second, the Court should dismiss Plaintiffs' claims for unjust enrichment under Georgia Common Law because this claim is preempted by federal law and because, even if not preempted, LaSalle's compensation to Plaintiffs was not unjust as Plaintiffs were not entitled to be compensated at the federal minimum wage while detained at ICDC.

8.    Finally, the Plaintiffs' claim of forced labor under the ILO Convention 29 via the Alien Tort Statute is ripe for dismissal because federal Courts have held that the ILO Convention 29 does not provide a cause of action under the Alien Tort Statute where the United States did not ratify convention.

9.    Despite Plaintiffs' attempts to convert their purported Eighth Amendment and FLSA claims into viable alternative claims, the factual allegations fail to establish such causes of action. Accordingly, this lawsuit should be dismissed with prejudice.

10.    In support of this Motion, LaSalle SE relies on and directs the Court to the accompanying *Memorandum in Support* filed herewith.

For all of the reasons set forth herein, LaSalle Southeast, LLC respectfully requests that its *Motion to Dismiss* be granted and that Plaintiffs' claims against it be dismissed with prejudice.

3

THIS 21st day of July, 2023.

Respectfully submitted,

**LASALLE SOUTHEAST, LLC**

By: _/s/ Deirdre C. McGlinchey_
　　　DEIRDRE C. MCGLINCHEY
　　　One of their Attorneys

**OF COUNSEL:**

DEIRDRE C. MCGLINCHEY (*Pro Hac Vice*)
Louisiana Bar Roll #24167
MAGDALEN BLESSEY BICKFORD (*Pro Hac Vice*)
Louisiana Bar Roll #17472
McGLINCHEY STAFFORD, PLLC
601 Poydras Street, 12th Floor
New Orleans, Louisiana 70130
Telephone (504) 586-1200 | Fax: (504) 596-2800
Email: dmcglinchey@mcglinchey.com
Email: mbickford@mcglinchey.com
Email: cbryant@mcglinchey.com
Email: kkovach@mcglinchey.com

and

JOHN T. ROUSE (GA Bar No. 868514)
Mississippi Bar No. 105723
McGLINCHEY STAFFORD, PLLC
1020 Highland Colony Pkwy, Ste. 406
Ridgeland, Mississippi 39157
Telephone: (769) 524-2329 | Fax: (601) 608-7871
Email: jrouse@mcglinchey.com

*Counsel for Defendant LaSalle Southeast, LLC*

4

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that on this 21st day of July, 2023, a true and correct copy of the foregoing has been electronically filed with the Clerk of Court using the CM/ECF system, which will send Notice of Electronic filing to all counsel of record.

THIS, the 21st day of July, 2023.

  */s/ Deirdre C. McGlinchey*  
  DEIRDRE C. MCGLINCHEY