**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF GEORGIA**
**VALDOSTA DIVISION**

**NILSON BARAHONA, NIKOLAS GAZETAS, and OMAR ISAIAS TAVIR GARCIA,**

*Plaintiffs,*

**VS.** **CIVIL ACTION NO. 7:23-cv-00024-HL**

**LASALLE MANAGEMENT COMPANY, LLC d/b/a LASALLE CORRECTIONS, LASALLE CORRECTIONS, LLC, LASALLE SOUTHEAST, LLC, and IRWIN COUNTY DETENTION CENTER, LLC, CGL IRWIN PROPERTIES, LLC, and CGL/LASALLE IRWIN PROPERTIES, LLC**

*Defendants.*

---

**DEFENDANTS LASALLE CORRECTIONS, LLC AND LASALLE MANAGEMENT COMPANY, L.L.C.'S SUPPLEMENTAL MEMORANDUM IN SUPPORT OF MOTION TO DISMISS PURSUANT TO RULE 12(b)(2)**

---

Defendants, LASALLE CORRECTIONS, LLC ("LaSalle Corrections") and LASALLE MANAGEMENT COMPANY, L.L.C. ("LaSalle Management") (collectively, "Defendants") respectfully submit this *Supplemental Memorandum in Support* of their *Motion to Dismiss* [Doc. 37] (the "Motion"), in accordance with this Court's Order of June 26, 2024, granting limited discovery with respect to the Rule 12(b)(2) personal jurisdiction arguments raised in that Motion. [Doc. 62]. Defendants reaver the arguments raised in their *Memorandum in Support* [Doc. 37-1] and *Reply in Support* [Doc. 52] and submit this *Supplemental Memorandum* to further support the arguments raised therein. Defendants respectfully request to dismiss them from this lawsuit on the grounds that they are not subject to the jurisdiction of this Honorable Court.

## I. BACKGROUND AND PROCEDURAL HISTORY

Plaintiffs Nilson Barahona, Nikolas Gazetas, and Omar Isaias Tavir Garcia ("Plaintiffs"), former detainees of the U.S. Immigration and Customs Enforcement agency ("ICE"), filed this lawsuit on March 10, 2023, asserting class action claims related to Plaintiffs' detention at the Irwin County Detention Center ("ICDC") and their involvement in the Voluntary Work Program offered by LaSalle Southeast, LLC ("LaSalle SE").[1] The Complaint was later amended, making claims for various other relief based on the same set of operative facts.[2] Plaintiffs were detained at ICDC from October 2019 (at the earliest) and January 2021 (at the latest),[3] pursuant to the terms of an Intergovernmental Agreement ("IGA") between ICE and Irwin County, GA.[4] LaSalle SE, along with Irwin County, GA, and CGL/LaSalle Irwin Properties, LLC, are the parties to the Operation, Maintenance, and Management Agreement ("OMMA") which governs the operations of that facility.[5] Neither LaSalle Management nor LaSalle Corrections, LLC, owns or operates the ICDC facility.[6]

Based on this, LaSalle Management and LaSalle Corrections, LLC filed this Motion to Dismiss on the grounds that neither has sufficient minimum contacts to be subject to the personal jurisdiction of this Court. On June 25, 2024, the Court heard oral arguments on the Motion and, on request of Plaintiffs, authorized a limited jurisdictional discovery period, during which Plaintiffs were granted twelve Interrogatories, eight Requests for Admission, eight Requests for Production, and three depositions.[7] The parties diligently pursued discovery, and after requesting two brief extensions to coordinate scheduling,[8] jurisdictional discovery was completed on October 3, 2024, in accordance with the Court's Order granting an extension of the time to complete discovery.[9]

---

[1] *See generally* Complaint, Doc. 1.
[2] *See generally* First Amended Complaint, Doc. 30.
[3] First Amended Complaint, Doc. 30 ¶¶ 18-20.
[4] First Amended Complaint, Doc. 30 ¶¶ 1, 17-20.
[5] *See* OMMA, Exhibit 2 to Motion to Dismiss, Doc. 37-3.
[6] *See generally* Declaration of Sharon Bennett, Exhibit 1 to Motion to Dismiss, Doc. 37-2.
[7] Order, Doc. 62.
[8] *See* Docs. 65, 71.
[9] Order, Doc. 72.

During the jurisdictional discovery period, Plaintiffs propounded five Interrogatories[10] and eight Requests for Production of Documents on LaSalle Management Company.[11] Plaintiffs noticed the depositions of Sharon Bennett, Robert Eason, and a corporate representative of LaSalle Management under Fed. R. Civ. P. 30(b)(6), the designation of which was split between Sharon Bennett and James McCormick.[12]

In response to Plaintiff's Interrogatories, LaSalle Management provided information regarding its ownership and registered agent, neither of which are based in Georgia,[13] noted that it does not have an ownership interest in LaSalle SE,[14] noted that LaSalle Management owes no "reporting obligations" to LaSalle SE and does not share directors or employees with that entity,[15] and described the one other case during the relevant time period for this matter in which it did not contest the jurisdiction of a Georgia court, wherein it was a named defendant but was not an active participant, and which was dismissed on summary judgment.[16] In response to Plaintiff's Requests for Production of Documents, LaSalle Management provided its registration as a Louisiana Limited Liability Company domiciled in Ruston, LA, the Articles of Organization for LaSalle Management, and a rough draft internal "organizational chart" used by Sharon Bennett to delineate the work responsibilities to the individuals under her supervision to provide accounting and support services to the LaSalle-branded entities to which it provides such services.[17]

---

[10] A true and accurate copy of LaSalle Management's responses to Plaintiffs' Interrogatories is attached as Exhibit 1. This exhibit is filed under seal pursuant to the Parties' Stipulated Protective Order. Doc. 64.
[11] True and accurate copies of LaSalle Management's responses to Plaintiffs' two Requests for Production of Documents are attached as Exhibits 2 and 3.
[12] A true and accurate copy of LaSalle Management's objections and responses to Plaintiff's Notice of 30(b)(6) deposition is attached as Exhibit 4.
[13] *See* Exhibit 2, Responses to Interrogatories 2, 3.
[14] *See* Exhibit 2, Response to Interrogatory 5.
[15] *See* Exhibit 2, Response to Interrogatory 5.
[16] *See* Exhibit 2, Response to Interrogatory 4; *Tyler Moncus v. LaSalle Management Co., et al*., 7:19-cv-00075 (M.D. Ga. May 24, 2019).
[17] *See* Exhibit 5, Produced Documents. This exhibit is filed under seal pursuant to the Parties' Stipulated Protective Order. Doc. 64.

Plaintiffs first deposed Sharon Bennett, Controller for LaSalle Management, in her individual capacity on August 23, 2024. Ms. Bennett had previously provided an affidavit in support of the Motion.[18] Ms. Bennett's deposition confirmed the information contained in that affidavit and further stated the following relevant facts in her individual capacity:

- Ms. Bennett oversees the provision of certain limited accounting and administrative services for entities which use the LaSalle name. All the individuals who perform these limited roles for LaSalle Management work exclusively out of the office in Ruston, LA. They have never travelled outside of Louisiana as part of their duties.[19]

- LaSalle Corrections is a registered trade name casually used by individual companies. LaSalle Corrections, LLC, is an unused entity that does not maintain "books" for accounting purposes and has no assets, employees, contracts, or business relationships (including with LaSalle Management).[20]

- LaSalle Southeast maintains its own bank account that does not receive distributions from LaSalle Management.[21]

- Ms. Bennett has no knowledge of any independent contractors associated with LaSalle Management based in Georgia.[22]

- LaSalle Management does not perform any work related directly to the operations of LaSalle Southwest. Further, LaSalle Management does not have policies related to the Voluntary Work Program, and the only policies related to LaSalle SE would involve accounting and payroll support services.[23]

On September 6, 2024, Plaintiffs then deposed Jay Eason, Director of Operations for Southwestern Correctional, LLC, an entity separate and distinct from LaSalle Management and LaSalle Corrections, LLC. He stated the following relevant facts in his individual capacity:

- Mr. Eason has visited the Georgia facility at ICDC in his capacity representing LaSalle Southwestern; he is not employed by, paid by, or a representative of LaSalle Management.[24]

- LaSalle Corrections is a "broad term," a "trademark or brand name."[25]

---

[18] *See* Declaration of Sharon Bennett, Exhibit 1 to Motion to Dismiss, Doc. 37-2.
[19] Exhibit 6, Excerpts from Deposition of Sharon Bennett, 24:10-25; 25:1-4.
[20] Exhibit 6 at 34:15-18; 40:1-8.
[21] Exhibit 6 at 54-56.
[22] Exhibit 6 at 74:12-14.
[23] Exhibit 6 at 68-69.
[24] Exhibit 7, Excerpts from Deposition of Jay Eason, 24:21-25:5; 28:22-29:14.
[25] Exhibit 7 at 27:16-21.

- LaSalle Management provides limited human resources support to LaSalle-branded facilities.[26]
- In his capacity representing LaSalle Southwestern, Mr. Eason was not aware of any interrelation with LaSalle Management and the ICDC facility.[27]

Plaintiffs separately conducted the Fed. R. Civ. P. 30(b)(6) depositions of corporate representatives Sharon Bennett and James McCormick. Mr. McCormick is a current employee of Southwestern Correctional, LLC who was previously employed as a Regional Director for LaSalle Management between 2019 and 2021.[28] This period directly reflects the time period during which Plaintiffs were detained at the ICDC facility.[29] Those corporate depositions elicited the following relevant facts:

- LaSalle Management provides accounting and payroll audits for other entities, including LaSalle SE, as part of its back office support role.[30]
- Outside of a management fee paid by LaSalle SE for the performance of back office support, LaSalle Management does not receive any federal or state funds or other payments related to LaSalle SE.[31]
- LaSalle Management is not a party to the IGA.[32]
- There are no financial reporting obligations between LaSalle Management and LaSalle Corrections.[33]
- Mr. McCormick reported to Rodney Cooper, Executive Director of LaSalle Management, when he was an employee of LaSalle Management, during which he served in overseeing provision of services to facilities in Louisiana and Georgia.[34]
- Mr. McCormick did not advise on the substance of contracts made by LaSalle SE for the ICDC facility outside of limited questions raised by the warden.[35]

---

[26] Exhibit 7 at 28:3-10.
[27] *See generally* Exhibit 7.
[28] Exhibit 9, Excerpts from 30(b)(6) Deposition of James McCormick, 21:2-4. In the deposition transcript of Mr. McCormick, Southwest Correctional, LLC is erroneously referred to a LaSalle Southwest or Southwest Corrections.
[29] First Amended Complaint, Doc. 30 ¶¶ 18-20. Further, LaSalle Southeast LLC no longer conducted an ICE detention facility in Georgia.
[30] Exhibit 8, Excerpts from 30(b)(6) Deposition of Sharon Bennett, 22-23.
[31] Exhibit 8 at 24:10-5.
[32] Exhibit 8 at 27:23-28:3.
[33] Exhibit 8 at 30:1-5.
[34] Exhibit 9 at 30:11-15, 32:9-13.
[35] Exhibit 9 at 35:18-36:4.

- The limited issues Mr. McCormick advised the warden of the ICDC facility on were "issues such as security procedures."[36] Mr. McCormick never spoke to the warden of ICDC regarding the Voluntary Work Program or the commissary; he occasionally spoke to him regarding food services, which is a separate entity within the facility.[37]

- The only "affiliation" between LaSalle Management and LaSalle SE is related to accounting and payroll.[38]

- The domicile and mailing address for LaSalle Management is located in Ruston, LA.[39]

- LaSalle Management was not party to any investigations at the ICDC facility.[40] Any questions by outside entities regarding operation of ICDC were directed to and answered by LaSalle SE.[41]

- The warden of ICDC and LaSalle SE were responsible for meeting the performance-based national detention standards established by ICE. Any audit reports were provided to the warden of ICDC; LaSalle Management did not receive copies of such reports.[42]

- LaSalle Management did not oversee any trainings done at ICDC and did not have input into the drafting of its Handbook.[43]

Mr. McCormick further testified that, in his current capacity working for Southwestern Correctional, LLC, which began in 2021, he provides guidance and mentorship to the warden of the Irwin County facility, though there is "no direct relationship between the two" entities.[44]

The jurisdictional discovery period ended on October 3, 2024, and this Motion is now ripe for adjudication.

## II. STANDARD OF REVIEW

"The plaintiff has the burden of establishing a prima facie case of personal jurisdiction over a nonresident defendant." *Meier ex rel. Meier v. Sun Int'l Hotels, Ltd.*, 288 F.3d 1264, 1268–69 (11th

[36] Exhibit 9 at 36:5-19.
[37] Exhibit 9 at 53:9-25, 54:2-15.
[38] Exhibit 9 at 44:9-13; 75:3-5.
[39] Exhibit 9 at 48:5-12.
[40] Exhibit 9 at 60:9-14; 61:21-22; 64:9-11.
[41] Exhibit 9 at 62:16-63:2.
[42] Exhibit 9 at 67:18-68:14.
[43] Exhibit 9 at 70:22-24; 76:7-23.
[44] Exhibit 9 at 45:3-24.

Cir. 2002). "'A prima facie case is established if the plaintiff presents enough evidence to withstand a motion for directed verdict.'" *Id. quoting Madara v. Hall*, 916 F.2d 1510, 1514 (11th Cir. 1990).

A court has general personal jurisdiction over a defendant if the defendant is "essentially at home" in the respective court's jurisdiction. *Daimler AG v. Bauman*, 571 U.S. 117, 125, 134 S.Ct. 746, 187 L.Ed.2d 624 (2014). A limited liability company is at home in the state of registration or its principal place of business. *Id*. at 137.; *Comet v. Chisca Grp., LLC*, No. 1:21-CV-03216-SCJ, 2022 WL 18938094, at *2 (N.D. Ga. Nov. 8, 2022).

If general personal jurisdiction is not proper, specific personal jurisdiction may be found following a two-part inquiry: (1) whether the Georgia long-arm statute provides a basis for personal jurisdiction; and (2) whether the exercise of personal jurisdiction would violate the Due Process Clause of the Fourteenth Amendment to the Constitution. *See SkyHop Techs., Inc. v. Narra*, 58 F.4th 1211, 1221 (11th Cir. 2023). Jurisdiction under the Georgia long-arm statute is *not* coextensive with procedural due process, so the plaintiffs must establish the independent demands of that statute. *Meyn Am., LLC v. Tarheel Distributors, Inc.*, 36 F. Supp. 3d 1395, 1402 (M.D. Ga. 2014).

Georgia's long-arm statute provides that a court may exercise personal jurisdiction over a nonresident who transacts business in Georgia; commits a tortious act or omission in Georgia, commits a tortious injury in Georgia caused by an out-of-state act or omission if the tort-feasor regularly does or solicits business, or engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed or services rendered in this state; or owns, uses, or possesses any real property situated within this state;" O.C.G.A. § 9-10-91. "Transact[ing] business" in the State of Georgia requires that a defendant "purposefully do some act or consummate some transaction in Georgia." *Jordan Outdoor Enterprises, Ltd. v. That 70's Store, LLC*, 819 F. Supp. 2d 1338, 143 (M.D. Ga. 2011).

With respect to due process, specific jurisdiction is appropriate where a defendant takes sufficient actions within a forum to "purposefully avail[] itself of the privilege of conducting activities within the forum State." *Ford Motor Co. v. Montana Eighth Jud. Dist. Ct.*, 141 S. Ct. 1017, 1024-25, 209 L. Ed. 2d 225 (2021). The contacts cannot be "random, isolated, or fortuitous[,]" and "there must be an affiliation between the forum and the underlying controversy, principally, an activity or an occurrence that takes place in the forum State[.]" *Id.* at 1025 (internal quotes omitted). The contacts must be such that "the defendant should reasonably anticipate being hauled into court in the forum." *Del Valle v. Trivago GMBH*, 56 F.4th 1265, 1276 (11th Cir. 2022).

## III. ARGUMENT

### A. The Information Obtained Through Jurisdictional Discovery Confirms the Status of LaSalle Corrections, LLC as an Unused Entity Not Subject to the Jurisdiction of this Honorable Court.

The jurisdictional discovery period revealed limited information about LaSalle Corrections, LLC that would not change the position asserted in Defendants' Motion. Therefore, jurisdiction remains improper over this entity.

Plaintiffs did not send any discovery requests to LaSalle Corrections, LLC; did not notice the depositions of any representative of LaSalle Corrections, LLC; and did not otherwise elicit information that would contradict the assertions made in Defendants' Motion. However, in the deposition of Sharon Bennett, she confirmed her prior statements regarding LaSalle Corrections: It does not operate as a business, nor does it maintain "books" for accounting purposes; it has no assets, employees, contracts, or business relationships (including with LaSalle Management).[45] It does not transact business in Georgia. It does not own, operate, or run ICDC, nor any other correctional facilities in Georgia. It has no physical presence in Georgia and has no contacts, employees, or business relationships generally, and particularly not in the state of Georgia.[46] As set forth in the

[45] Exhibit 6 at 34:15-18; 40:1-8.
[46] *See generally* Doc. 37-1.

Motion and supporting affidavit, LaSalle Corrections, LLC, is a Louisiana limited liability company and is an unused entity not subject to general personal jurisdiction in Georgia.

Much of Plaintiffs' confusion in this matter likely stems from the fact that "LaSalle Corrections" is a trade name registered in the state of Louisiana, which is used by various entities bearing the "LaSalle" name. However, these entities are organized as separate corporate entities and operate distinctly from one another, and as set forth below, LaSalle Management Company exclusively does business in the state of Louisiana. Similarly, LaSalle Southeast operates exclusively in the state of Georgia.

Accordingly, LaSalle Corrections, LLC is not subject to personal jurisdiction in the state of Georgia, and so it should be dismissed.

**B. No Information Obtained Through Jurisdictional Discovery Constitutes Sufficient Minimum Contacts for LaSalle Management Company, LLC, to be Subject to the Jurisdiction of this Honorable Court.**

1. The *Moncus* Case is Not Persuasive in Establishing Jurisdiction in This Matter.

In written discovery, LaSalle Management identified a single case during the relevant time period, in which it was a defendant in a case in this jurisdiction. *See Moncus v. LaSalle Mgmt. Co., LLC*, No. 7:19-CV-75 (HL), 2020 WL 1679695 (M.D. Ga. Apr. 6, 2020). While LaSalle Management concedes that it was involved in that matter, it has no relation to the matter before the Court. Participating in a single piece of litigation is hardly "continuous and systematic" enough to establish that general personal jurisdiction is appropriate. *Daimler AG v. Bauman*, 571 U.S. 117, 125, 134 S.Ct. 746, 187 L.Ed.2d 624 (2014). Such a contact is also not "affiliate[ed] between the forum and the underlying controversy," as is required to establish specific personal jurisdiction. *Ford Motor Co. v. Montana Eighth Jud. Dist. Ct.*, 141 S. Ct. 1017, 1024-25, 209 L. Ed. 2d 225 (2021).The waiver of a personal jurisdiction argument in a prior unrelated case does little to nothing to establish that personal jurisdiction exists over a defendant in an entirely separate matter. Plaintiffs are still required to prove,

as is well briefed in Defendants' Motion to Dismiss, that Defendants are subject to either general or specific personal jurisdiction in Georgia.

Plaintiffs' allegations in this matter exclusively involve the alleged conditions of confinement at the Irwin County Detention Center and violation of the Trafficking Victims Protection Act, 18 U.S.C. § 1589, and the Alien Tort Statute, based on their detention at the ICDC facility under the provisions of the IGA, under ICE jurisdiction. The *Moncus* case involved alleged violations of § 1983 based on deprivation of due process rights related to a single plaintiff. That plaintiff was not an ICE detainee, but rather a traditional criminal defendant arrested and jailed for alleged aggravated assault prior to a release on bail. His claims are unrelated to the claims at issue in this case and do not involve the same conduct, individuals, plaintiffs, or contacts.

Because that case does not establish forum-specific contacts with Georgia that are *related to* the underlying controversy, it is not persuasive in determining whether the exercise of personal jurisdiction is proper.

2. The information gleaned from jurisdictional discovery in this matter support that the exercise of jurisdiction is improper.

None of the information revealed regarding the operations of LaSalle Management during the jurisdictional discovery period support a finding that general personal jurisdiction is proper. LaSalle Management remains a Louisiana limited liability company with its registered agent and principal place of business located in Louisiana.[47] It is not "essentially at home" in Georgia and not registered to do business there. *Daimler AG* , 571 U.S. at 125, 137. Therefore, general personal jurisdiction is not proper.

Plaintiffs must therefore prove that LaSalle Management, for purposes of due process, has "purposefully availed itself of the privilege of conducting activities within the forum State." *Ford*

[47] *See generally* Exhibit 5, Produced Documents. *See also* Exhibit 9 at 48:5-12.

*Motor Co.*, 141 S. Ct. at 1024-25. As briefed in LaSalle Management's prior submissions and affirmed through jurisdictional discovery, LaSalle Management does not do business in Georgia, does not derive revenue from operating a business in Georgia, does not maintain offices, pay taxes, own property, maintain books, or operate any correctional facility in Georgia. It operates out of Ruston, Louisiana, and does not control the operations of LaSalle SE at the ICDC facility. Only a single business-related contact exists between LaSalle Management and the state of Georgia: the provision of virtual accounting and administrative business services to LaSalle SE, including assistance on subject matters that do not relate to the operation of the ICDC facility in its capacity as a detention center.[48] This does not constitute "purposeful availment" of Georgia law.

Still, even if a defendant has "reached out beyond" its home, the forum state can only exercise jurisdiction where there is "an affiliation between the forum and the underlying controversy, principally [an] activity or an occurrence that takes place in the forum state and is therefore subject to the State's regulation." *Ford Motor Co.*, 141 S. Ct. at 1025 (internal quotes omitted). *Compare SkyHop Techs., Inc.* 58 F.4th at 1229 (finding the exercise of personal jurisdiction proper where communications between one entity and another directly related to the claims at issue, constituting a "required connection" between the litigation itself and the defendant's forum contacts) *with Herederos De Roberto Gomez Cabrera, LLC v. Teck Res. Ltd.*, 43 F.4th 1303, 1311 (11th Cir. 2022), *cert. denied*, 143 S. Ct. 736, 214 L. Ed. 2d 384 (2023) (holding that the "incidental effects of a defendant's actions are not by themselves sufficient to justify jurisdiction over the defendant in the forum).

To the extent that LaSalle Management has contacts with LaSalle SE, a Georgia entity, related to its provision of accounting and payroll services, those contacts are entirely unrelated to the underlying controversy. Plaintiffs' allegations are based on the actions of LaSalle SE regarding the

[48] *See generally* Declaration of Sharon Bennett, Exhibit 1 to Motion to Dismiss, Doc. 37-2.

operation of its Voluntary Work Program for detainees, which Plaintiffs allege is a "deprivation scheme" which withheld commissary items from detainees in violation of federal law.[49] As has been made abundantly clear through discovery and prior briefing, LaSalle Management does not own or operate the ICDC facility.[50] It is not a party to the OMMA or IGA, the contracts at issue regarding the relationships between LaSalle SE, ICE, and Irwin County, GA.[51] The only funds it receives from LaSalle SE are related to its provision of accounting and payroll support services.[52] It does not create or enforce policies related to the Voluntary Work Program.[53] It does not advise LaSalle SE on the substance of contracts, training employees, or its Detainee Handbook.[54] LaSalle Management has not been party to any investigations at the ICDC facility, and any questions by outside entities regarding operation of ICDC were directed to and answered by LaSalle SE.[55] Other than accounting and payroll, the only limited issues which LaSalle Management employees may provide advice were those related to security procedures or food services.[56] Food services is a separate entity from the commissary, which relates to the Voluntary Work Program; LaSalle Management has no involvement or specific knowledge of the Voluntary Work Program or commissary at ICDC.[57] LaSalle Management was not responsible for meeting the performance-based national detention standards established by ICE, and it did not receive copies of such audit reports.[58]

These contacts have no bearing on a finding of personal jurisdiction – they are completely unrelated to the underlying controversy in this matter and are insufficient for LaSalle Management to "reasonably anticipate being hauled into court" over a controversy involving the alleged internal

---

[49] *See generally* First Amended Complaint, Doc. 30.
[50] Declaration of Sharon Bennett, Exhibit 1 to Motion to Dismiss, Doc. 37-2.
[51] *See* Exhibit 8 at 27:23-28:3.
[52] Exhibit 8 at 24:10-5; Exhibit 9 at 44:9-13; 75:3-5
[53] Exhibit 6 at 68-69.
[54] Exhibit 9 at 35:18-36:4; 70:22-24; 76:7-23.
[55] Exhibit 9 at 60:9-14; 61:21-22; 62:16-63:2; 64:9-11.
[56] Exhibit 9 at 36:5-19.
[57] Exhibit 9 at 53:9-25, 54:2-15.
[58] Exhibit 9 at 67:18-68:14.

practices of a distinct entity, LaSalle SE. *Del Valle*, 56 F.4th at 1276. LaSalle Management's provision of accounting and support services did not (and are not alleged to have) *caused* Plaintiffs' alleged injuries. And there is no evidence to support that LaSalle Management or any actor on its behalf made any decision relating to the Voluntary Work Program, Nilson Barahona, Nikolas Gazetas, Omar Isaias Tavir Garcia, or any single detainee who was formerly housed at the ICDC facility. Put simply, LaSalle Management has not a single connection with the Plaintiffs or their alleged injuries, and so the controversy is entirely unrelated to the tenuous (at best) contacts with the state of Georgia.

Therefore, there is no support for the exercise of personal jurisdiction over LaSalle Management in this matter.

## IV. CONCLUSION

For all of the reasons set forth herein and in Defendants' prior briefing, Defendants LaSalle Corrections, LLC and LaSalle Management Company, L.L.C., request that their Motion to Dismiss be granted and that Plaintiffs' claims against these Defendants be dismissed with prejudice, and at Plaintiffs' costs.

THIS 17th day of October, 2024.

Respectfully submitted,

**LASALLE MANAGEMENT COMPANY, L.L.C. and LASALLE CORRECTIONS, LLC**

By: /s/ Magdalen B. Bickford
Magdalen B. Bickford
One of their Attorneys

OF COUNSEL:

DEIRDRE C. MCGLINCHEY (*Pro Hac Vice*)
Louisiana Bar Roll #24167
MAGDALEN BLESSEY BICKFORD (*Pro Hac Vice*)
Louisiana Bar Roll #17472
ANDREW M. ALBRITTON (*Pro Hac Vice)*
Louisiana Bar Roll #39780
McGLINCHEY STAFFORD, PLLC
601 Poydras Street, 12th Floor
New Orleans, Louisiana 70130
Telephone (504) 586-1200 | Fax: (504) 596-2800
Email: dmcglinchey@mcglinchey.com
Email: mbickford@mcglinchey.com
Email: aalbritton@mcglinchey.com

*and*

JOHN T. ROUSE (GA Bar No. 868514)
McGLINCHEY STAFFORD, PLLC
1020 Highland Colony Pkwy, Ste. 406
Ridgeland, Mississippi 39157
Telephone: (769) 524-2329 | Fax: (601) 608-7871
Email: jrouse@mcglinchey.com

*Counsel for Defendants LaSalle Management Company, L.L.C. and LaSalle Corrections, LLC*

**CERTIFICATE OF SERVICE**

I hereby certify that on this 17th day of October, 2024, a true and correct copy of the foregoing has been electronically filed with the Clerk of Court using the CM/ECF system, which will send Notice of Electronic filing to all counsel of record.

*s/ Andrew M. Albritton*
ANDREW M. ALBRITTON