**IN THE UNITED STATES DISTRICT
COURT MIDDLE DISTRICT OF
GEORGIA VALDOSTA DIVISION**

**NILSON BARAHONA, NIKOLAS GAZETAS,
and OMAR ISAIAS TAVIR GARCIA,**

*Plaintiffs,*

**VS.**                                                  **CIVIL ACTION NO. 7:23-cv-00024-HL**

**LASALLE MANAGEMENT COMPANY, LLC**
d/b/a LASALLE CORRECTIONS, **LASALLE
SOUTHEAST, LLC, LASALLE
CORRECTIONS, LLC, CGL IRWIN
PROPERTIES, LLC, and CGL/LASALLE
IRWIN PROPERTIES, LLC**

*Defendants.*

---

**ANSWER TO FIRST AMENDED COMPLAINT**

---

NOW INTO COURT, through undersigned counsel, come Defendants LASALLE

MANAGEMENT COMPANY, L.L.C. ("LaSalle Management"), LASALLE SOUTHEAST, LLC

("LaSalle SE"), CGL IRWIN PROPERTIES, LLC, AND CGL/LASALLE IRWIN PROPERTIES,

LLC, who respectfully respond to Plaintiffs' First Amended Complaint ("FAC") [Doc. 30] as follows:

**SUMMARY OF THE CASE**

1.      Paragraph 1 is an introductory statement alleging conclusions of law, which require

no response of Defendants. To the extent that any response is deemed required, Defendants deny the

allegations of Paragraph 1.

2.      Defendants admit the allegations of Paragraph 2.

3.      Defendants deny the allegations of Paragraph 3.

4.      Defendants deny the allegations of Paragraph 4.

5.      Defendants deny the allegations of Paragraph 5.

6.     The allegations of Paragraph 6 contain legal conclusions that require no response. To the extent that a response is deemed required, Defendants deny the allegations of Paragraph 6, inclusive of footnotes.

7.     Defendants deny the allegations of Paragraph 7.

8.     The allegations of Paragraph 8 contain legal conclusions that require no response. To the extent that a response is deemed required, Defendants deny the allegations of Paragraph 8.

9.     The allegations of Paragraph 9 contain legal conclusions that require no response. To the extent that a response is deemed required, Defendants deny the allegations of Paragraph 9.

10.     Defendants deny the allegations of Paragraph 10.

11.     Defendants deny the allegations of Paragraph 11.

12.     Defendants deny the allegations of Paragraph 12.

## **JURISDICTION**

13.     In response to Paragraph 13, Defendants admit that this Honorable Court has subject matter jurisdiction over this lawsuit as currently plead. The remaining allegations of this paragraph contain legal conclusions that require no response.

14.     In response to Paragraph 14, Defendants admit that this Honorable Court has personal jurisdiction over defendants LaSalle SE, CGL Irwin Properties, LLC, And CGL/Lasalle Irwin Properties, LLC, as currently plead. As set forth in its Motion to Dismiss [Doc. 37], defendant LaSalle Management denies that personal jurisdiction is proper over it in this lawsuit, but admits that, pursuant to the Court's Order of March 31, 2025 [Doc. 81], it remains a defendant in this lawsuit. The remaining allegations of this paragraph contain legal conclusions that require no response.

15.     In response to Paragraph 15, Defendants admit that this Honorable Court has supplemental jurisdiction over the state law claims in this lawsuit as currently plead. The remaining allegations of this paragraph contain legal conclusions that require no response.

2

## VENUE

16.     In response to Paragraph 16, Defendants admit that venue is proper in this District as currently plead. The remaining allegations of this paragraph contain legal conclusions that require no response.

## PARTIES

17.     Paragraph 17 is an introductory statement alleging conclusions of law, which require no response of Defendants. To the extent that any response is deemed required, Defendants deny the allegations of Paragraph 17.

18.     Defendants deny the allegations of Paragraph 18 for a lack of sufficient information.

19.     Defendants deny the allegations of Paragraph 19 for a lack of sufficient information.

20.     Defendants deny the allegations of Paragraph 20 for a lack of sufficient information.

21.     Defendants deny the allegations of Paragraph 21.

22.     Pursuant to the Court's Order of March 31, 2025, Defendant LaSalle Corrections, LLC has been dismissed from this lawsuit [Doc. 81]. Accordingly, no response to this Paragraph is required. To the extent that any response is deemed required, Defendants deny the allegations of Paragraph 22, inclusive of footnotes.

23.     Defendants admit that LaSalle SE is a Georgia domestic limited liability company, with offices located in Irwin County, Georgia, and that its principal office address is listed as 192 Bastille Lane, Suite 200, Ruston, LA 71270. Defendants deny the remaining allegations of Paragraph 23.

24.     Pursuant to the Court's Order of February 27, 2024, Defendant Irwin County Detention Center has been dismissed from this lawsuit [Doc. 56]. Accordingly, no response to this Paragraph is required. To the extent that any response is deemed required, Defendants deny the allegations of Paragraph 24.

25.    Defendants admit that CGL Irwin Properties, LLC is a limited liability company formed under the laws of the State of Delaware. Defendants deny the remaining allegations of Paragraph 25.

26.    Defendants admit that CGL/LaSalle Irwin Properties, LLC is a limited liability company formed under the laws of the State of Delaware, and that it is a party to the OMMA. Defendants deny the remaining allegations of Paragraph 26.

27.    Defendants deny the allegations of Paragraph 27 as written.

28.    Defendants deny the allegations of Paragraph 28, inclusive of footnotes.

29.    Defendants admit that immigrants are no longer detained at the Irwin County Detention Center as of the date of this filing. Defendants deny the remaining allegations of Paragraph 29, inclusive of footnotes.

## FACTUAL ALLEGATIONS COMMON TO ALL CLAIMS

30.    Defendants deny the allegations of Paragraph 30 for a lack of sufficient information.

31.    The allegations of Paragraph 31 contain legal conclusions that require no response. To the extent that a response is deemed required, Defendants deny the allegations of Paragraph 31.

32.    Defendants deny the allegations of Paragraph 32.

33.    Defendants deny the allegations of Paragraph 33.

34.    Defendants deny the allegations of Paragraph 34, inclusive of footnotes.

35.    Defendants deny the allegations of Paragraph 35.

36.    Defendants deny the allegations of Paragraph 36.

37.    The allegations of Paragraph 37 contain legal conclusions that require no response. To the extent that a response is deemed required, Defendants deny the allegations of Paragraph 37, inclusive of footnotes.

38.    Defendants deny the allegations of Paragraph 38.

39.     Defendants deny the allegations of Paragraph 39, inclusive of footnotes.

40.     Defendants deny the allegations of Paragraph 40.

41.     Defendants deny the allegations of Paragraph 41 for a lack of sufficient information.

42.     Defendants deny the allegations of Paragraph 42.

43.     Defendants deny the allegations of Paragraph 43.

44.     The allegations of Paragraph 44 contain legal conclusions that require no response. To the extent that a response is deemed required, Defendants deny the allegations of Paragraph 44.

45.     Defendants deny the allegations of Paragraph 45.

46.     The allegations of Paragraph 46 contain legal conclusions that require no response. To the extent that a response is deemed required, Defendants deny the allegations of Paragraph 46.

47.     Defendants deny the allegations of Paragraph 47.

48.     The allegations of Paragraph 48 contain legal conclusions that require no response. To the extent that a response is deemed required, Defendants deny the allegations of Paragraph 48.

49.     The allegations of Paragraph 49 contain legal conclusions that require no response. To the extent that a response is deemed required, Defendants deny the allegations of Paragraph 49 and its subparts.

50.     The allegations of Paragraph 50 contain legal conclusions that require no response. To the extent that a response is deemed required, Defendants deny the allegations of Paragraph 50 and its subparts.

51.     Defendants deny the allegations of Paragraph 51.

52.     Defendants deny the allegations of Paragraph 52.

53.     Defendants deny the allegations of Paragraph 53.

54.     Defendants deny the allegations of Paragraph 54.

55.     Defendants deny the allegations of Paragraph 55.

56.    Defendants deny the allegations of Paragraph 56.

57.    Defendants deny the allegations of Paragraph 57.

58.    Defendants deny the allegations of Paragraph 58.

59.    Defendants deny the allegations of Paragraph 59.

60.    Defendants deny the allegations of Paragraph 60.

61.    Defendants deny the allegations of Paragraph 61.

62.    Defendants admit that, during the COVID-19 pandemic, physical visitors to the Irwin County Detention Center facility were limited pursuant to CDC guidelines. Defendants deny the remaining allegations of Paragraph 62.

63.    Defendants deny the allegations of Paragraph 63.

64.    Defendants deny the allegations of Paragraph 64.

65.    Defendants deny the allegations of Paragraph 65, inclusive of footnotes.

66.    Defendants deny the allegations of Paragraph 66.

67.    Defendants deny the allegations of Paragraph 67.

68.    Defendants deny the allegations of Paragraph 68.

69.    Defendants deny the allegations of Paragraph 69.

70.    Defendants deny the allegations of Paragraph 70.

71.    Defendants deny the allegations of Paragraph 71.

72.    Defendants deny the allegations of Paragraph 72.

73.    Defendants deny the allegations of Paragraph 73.

74.    Defendants deny the allegations of Paragraph 74 as written.

75.    Defendants deny the allegations of Paragraph 75.

76.    Defendants deny the allegations of Paragraph 76, inclusive of footnotes.

77.    Defendants deny the allegations of Paragraph 77 and its subparts, inclusive of footnotes, as written.

78.    Defendants deny the allegations of Paragraph 78 and its subparts, inclusive of footnotes.

79.    Defendants deny the allegations of Paragraph 79, inclusive of footnotes.

80.    Defendants deny the allegations of Paragraph 80, inclusive of footnotes, as written.

81.    Defendants deny the allegations of Paragraph 81, inclusive of footnotes, as written.

82.    Defendants deny the allegations of Paragraph 82.

83.    Defendants deny the allegations of Paragraph 83, inclusive of footnotes.

84.    The allegations of Paragraph 84 contain legal conclusions that require no response. To the extent that a response is deemed required, Defendants deny the allegations of Paragraph 84.

85.    Defendants deny the allegations of Paragraph 85.

86.    Defendants deny the allegations of Paragraph 86.

87.    Defendants deny the allegations of Paragraph 87 for a lack of sufficient information.

88.    Defendants deny the allegations of Paragraph 88.

89.    Defendants deny the allegations of Paragraph 89.

90.    Defendants deny the allegations of Paragraph 90.

91.    Defendants deny the allegations of Paragraph 91, inclusive of footnotes.

92.    Defendants deny the allegations of Paragraph 92, inclusive of footnotes.

93.    Defendants deny the allegations of Paragraph 93, inclusive of footnotes, as written.

94.    Defendants deny the allegations of Paragraph 94, inclusive of footnotes.

95.    Defendants deny the allegations of Paragraph 95, inclusive of footnotes.

96.    Defendants deny the allegations of Paragraph 96, inclusive of footnotes.

97.    Defendants deny the allegations of Paragraph 97, inclusive of footnotes.

98.     Defendants admit that the Intergovernmental Services Agreement referenced in the Complaint has been terminated. Defendants deny the remaining allegations of Paragraph 98.

99.     Defendants deny the allegations of Paragraph 99, inclusive of footnotes.

100.    Defendants deny the allegations of Paragraph 100 as written.

101.    Defendants deny the allegations of Paragraph 101 as written.

102.    Defendants admit that a Congressional inquiry was made into the substance of the complaint filed in September 2020. Defendants deny the remaining allegations of Paragraph 102, inclusive of footnotes.

103.    Defendants deny the allegations of Paragraph 103, inclusive of footnotes, as written.

104.    Defendants deny the allegations of Paragraph 104, inclusive of footnotes, as written.

105.    Defendants deny the allegations of Paragraph 105, inclusive of footnotes, as written.

106.    Defendants deny the allegations of Paragraph 106, inclusive of footnotes, as written.

107.    Defendants deny the allegations of Paragraph 107 as written.

108.    Defendants deny the allegations of Paragraph 108.

109.    Defendants deny the allegations of Paragraph 109 for a lack of sufficient information.

110.    Defendants deny the allegations of Paragraph 110.

111.    Defendants deny the allegations of Paragraph 111.

112.    Paragraph 112 is an introductory statement alleging conclusions of law, which require no response of Defendants. To the extent that any response is deemed required, Defendants deny the allegations of Paragraph 112.

## CLASS ACTION ALLEGATIONS

113.    Paragraph 113 is a statement of the Plaintiffs' proposed Class, which amounts to conclusions of law requiring no response of Defendants. To the extent that any response is deemed

required, Defendants deny the allegations of Paragraph 113 and deny that this matter is legally suitable for class treatment.

114. Paragraph 114 is a statement of the Plaintiffs' proposed Class, which amounts to conclusions of law requiring no response of Defendants. To the extent that any response is deemed required, Defendants deny the allegations of Paragraph 114 and deny that this matter is legally suitable for class treatment.

115. Paragraph 115 is a statement of the Plaintiffs' proposed Class, which amounts to conclusions of law requiring no response of Defendants. To the extent that any response is deemed required, Defendants deny the allegations of Paragraph 115 and deny that this matter is legally suitable for class treatment.

116. The allegations of Paragraph 116 contain legal conclusions that require no response. To the extent that a response is deemed required, Defendants deny the allegations of Paragraph 116 and deny that this matter is legally suitable for class treatment.

117. The allegations of Paragraph 117 and its subparts contain legal conclusions that require no response. To the extent that a response is deemed required, Defendants deny the allegations of Paragraph 117 and its subparts and deny that this matter is legally suitable for class treatment.

118. The allegations of Paragraph 118 contain legal conclusions that require no response. To the extent that a response is deemed required, Defendants deny the allegations of Paragraph 118 and deny that this matter is legally suitable for class treatment.

119. The allegations of Paragraph 119 contain legal conclusions that require no response. To the extent that a response is deemed required, Defendants deny the allegations of Paragraph 119 and deny that this matter is legally suitable for class treatment.

120.    The allegations of Paragraph 120 contain legal conclusions that require no response. To the extent that a response is deemed required, Defendants deny the allegations of Paragraph 120 and deny that this matter is legally suitable for class treatment.

121.    The allegations of Paragraph 121 contain legal conclusions that require no response. To the extent that a response is deemed required, Defendants deny the allegations of Paragraph 121 and deny that this matter is legally suitable for class treatment.

**COUNT 1**
**THE TRAFFICKING VICTIMS PROTECTION ACT**
**Forced Labor (18 U.S.C. § 1589)**
**On behalf of the Proposed Class**

122.    Paragraph 122 is an introductory statement alleging conclusions of law, which require no response of Defendants. To the extent that any response is deemed required, Defendants deny the allegations of Paragraph 122.

123.    The allegations of Paragraph 123 contain legal conclusions that require no response. To the extent that a response is deemed required, Defendants deny the allegations of Paragraph 123.

124.    The allegations of Paragraph 124 contain legal conclusions that require no response. To the extent that a response is deemed required, Defendants deny the allegations of Paragraph 124.

125.    The allegations of Paragraph 125 contain legal conclusions that require no response. To the extent that a response is deemed required, Defendants deny the allegations of Paragraph 125.

126.    The allegations of Paragraph 126 contain legal conclusions that require no response. To the extent that a response is deemed required, Defendants deny the allegations of Paragraph 126.

127.    The allegations of Paragraph 127 contain legal conclusions that require no response. To the extent that a response is deemed required, Defendants deny the allegations of Paragraph 127.

128.    The allegations of Paragraph 128 contain legal conclusions that require no response. To the extent that a response is deemed required, Defendants deny the allegations of Paragraph 128.

129. The allegations of Paragraph 129 contain legal conclusions that require no response. To the extent that a response is deemed required, Defendants deny the allegations of Paragraph 129.

130. Defendants deny the allegations of Paragraph 130.

131. The allegations of Paragraph 131 contain legal conclusions that require no response. To the extent that a response is deemed required, Defendants deny the allegations of Paragraph 131.

132. The allegations of Paragraph 132 contain legal conclusions that require no response. To the extent that a response is deemed required, Defendants deny the allegations of Paragraph 132 and specifically denies that it has any relationship with CoreCivic.

133. The allegations of Paragraph 133 contain legal conclusions that require no response. To the extent that a response is deemed required, Defendants deny the allegations of Paragraph 133.

134. The allegations of Paragraph 134 contain legal conclusions that require no response. To the extent that a response is deemed required, Defendants deny the allegations of Paragraph 134.

135. The allegations of Paragraph 135 contain legal conclusions that require no response. To the extent that a response is deemed required, Defendants deny the allegations of Paragraph 135.

136. The allegations of Paragraph 136 contain legal conclusions that require no response. To the extent that a response is deemed required, Defendants deny the allegations of Paragraph 136.

137. The allegations of Paragraph 137 contain legal conclusions that require no response. To the extent that a response is deemed required, Defendants deny the allegations of Paragraph 137.

138. The allegations of Paragraph 138 contain legal conclusions that require no response. To the extent that a response is deemed required, Defendants deny the allegations of Paragraph 138 and specifically deny that Plaintiffs are entitled to any remedies under the referenced statutes.

139. The allegations of Paragraph 139 and its subparts contain legal conclusions that require no response. To the extent that a response is deemed required, Defendants deny the allegations of Paragraph 139 and its subparts.

140. Defendants deny the allegations of Paragraph 140 and deny that Plaintiffs are entitled to any damages.

141. The allegations of Paragraph 141 contain legal conclusions that require no response. To the extent that a response is deemed required, Defendants deny the allegations of Paragraph 141.

142. Defendants deny the allegations of Paragraph 142 and deny that Plaintiffs are entitled to any damages.

143. Defendants deny the allegations of Paragraph 143 and deny that Plaintiffs are entitled to any damages or restitution.

144. Defendants deny the allegations of Paragraph 144 and deny that Plaintiffs are entitled to any damages or post-judgment interest, attorneys' fees, or costs.

**COUNT 2**
**THE TRAFFICKING VICTIMS PROTECTION ACT**
**Attempt to Commit Forced Labor (18 U.S.C. § 1594(a))**
**On behalf of the Proposed Class**

145. Paragraph 145 is an introductory statement alleging conclusions of law, which require no response of Defendants. To the extent that any response is deemed required, Defendants deny the allegations of Paragraph 145.

146. The allegations of Paragraph 146 contain legal conclusions that require no response. To the extent that a response is deemed required, Defendants deny the allegations of Paragraph 146.

147. The allegations of Paragraph 147 contain legal conclusions that require no response. To the extent that a response is deemed required, Defendants deny the allegations of Paragraph 147.

148. The allegations of Paragraph 148 contain legal conclusions that require no response. To the extent that a response is deemed required, Defendants deny the allegations of Paragraph 148.

149. Defendants deny the allegations of Paragraph 149.

150. Defendants deny the allegations of Paragraph 150 and deny that Plaintiffs are entitled to any damages whatsoever.

151.    Defendants deny the allegations of Paragraph 151 and deny that Plaintiffs are entitled to any damages, restitution, or attorneys' fees.

152.    Defendants deny the allegations of Paragraph 152 and deny that Plaintiffs are entitled to any damages, pre- or post-judgment interest, attorneys' fees, or costs.

## COUNT 3
## THE TRAFFICKING VICTIMS PROTECTION ACT
### Obstructing Enforcement in Violation of 18 U.S.C. § 1590
### On behalf of the Proposed Class

153.    Paragraph 153 is an introductory statement alleging conclusions of law, which require no response of Defendants. To the extent that any response is deemed required, Defendants deny the allegations of Paragraph 153.

154.    The allegations of Paragraph 154 contain legal conclusions that require no response. To the extent that a response is deemed required, Defendants deny the allegations of Paragraph 154.

155.    The allegations of Paragraph 155 contain legal conclusions that require no response. To the extent that a response is deemed required, Defendants deny the allegations of Paragraph 155.

156.    The allegations of Paragraph 156 contain legal conclusions that require no response. To the extent that a response is deemed required, Defendants deny the allegations of Paragraph 156.

157.    The allegations of Paragraph 157 contain legal conclusions that require no response. To the extent that a response is deemed required, Defendants deny the allegations of Paragraph 157.

158.    Defendants deny the allegations of Paragraph 158 as written.

159.    Defendants deny the allegations of Paragraph 159 as written.

160.    Defendants deny the allegations of Paragraph 160.

161.    Defendants deny the allegations of Paragraph 161 and deny that Plaintiffs are entitled to any damages, including, but not limited to, compensatory and punitive damages.

162.    Defendants deny the allegations of Paragraph 162 and deny that Plaintiffs are entitled to any damages, restitution, or attorneys' fees.

13

163.    Defendants deny the allegations of Paragraph 163 and deny that Plaintiffs are entitled to any damages, pre- or post-judgment interest, attorneys' fees, or costs.

## COUNT 4
## UNJUST ENRICHMENT
## Georgia Common Law
## On behalf of the Proposed Class

164.    Paragraph 164 is an introductory statement alleging conclusions of law, which require no response of Defendants. To the extent that any response is deemed required, Defendants deny the allegations of Paragraph 164.

165.    Defendants deny the allegations of Paragraph 165.

166.    Defendants deny the allegations of Paragraph 166.

167.    Defendants deny the allegations of Paragraph 167.

168.    The allegations of Paragraph 168 contain legal conclusions that require no response. To the extent that a response is deemed required, Defendants deny the allegations of Paragraph 168.

169.    The allegations of Paragraph 169 contain legal conclusions that require no response. To the extent that a response is deemed required, Defendants deny the allegations of Paragraph 169 and deny that Plaintiffs are entitled to any damages.

## COUNT 5
## Alien Tort Statute, 28 U.S.C. § 1350
## On behalf of the Proposed Class

170.    Paragraph 170 is an introductory statement alleging conclusions of law, which require no response of Defendants. To the extent that any response is deemed required, Defendants deny the allegations of Paragraph 170.

171.    The allegations of Paragraph 171 contain legal conclusions that require no response. To the extent that a response is deemed required, Defendants deny the allegations of Paragraph 171.

172.     The allegations of Paragraph 172 contain legal conclusions that require no response. To the extent that a response is deemed required, Defendants deny the allegations of Paragraph 172.

173.     The allegations of Paragraph 173 contain legal conclusions that require no response. To the extent that a response is deemed required, Defendants deny the allegations of Paragraph 173.

174.     The allegations of Paragraph 174 contain legal conclusions that require no response. To the extent that a response is deemed required, Defendants deny the allegations of Paragraph 174.

175.     The allegations of Paragraph 175 contain legal conclusions that require no response. To the extent that a response is deemed required, Defendants deny the allegations of Paragraph 175.

176.     The allegations of Paragraph 176 contain legal conclusions that require no response. To the extent that a response is deemed required, Defendants deny the allegations of Paragraph 176, inclusive of footnotes.

177.     The allegations of Paragraph 177 contain legal conclusions that require no response. To the extent that a response is deemed required, Defendants deny the allegations of Paragraph 177.

178.     The allegations of Paragraph 178 contain legal conclusions that require no response. To the extent that a response is deemed required, Defendants deny the allegations of Paragraph 178.

179.     The allegations of Paragraph 179 contain legal conclusions that require no response. To the extent that a response is deemed required, Defendants deny the allegations of Paragraph 179.

180.     The allegations of Paragraph 180 contain legal conclusions that require no response. To the extent that a response is deemed required, Defendants deny the allegations of Paragraph 180.

181.     The allegations of Paragraph 181 contain legal conclusions that require no response. To the extent that a response is deemed required, Defendants deny the allegations of Paragraph 181.

182.     The allegations of Paragraph 182 contain legal conclusions that require no response. To the extent that a response is deemed required, Defendants deny the allegations of Paragraph 182.

183. The allegations of Paragraph 183 contain legal conclusions that require no response. To the extent that a response is deemed required, Defendants deny the allegations of Paragraph 183.

184. The allegations of Paragraph 184 contain legal conclusions that require no response. To the extent that a response is deemed required, Defendants deny the allegations of Paragraph 184 for a lack of sufficient information.

185. The allegations of Paragraph 185 and its subparts contain legal conclusions that require no response. To the extent that a response is deemed required, Defendants deny the allegations of Paragraph 185 and its subparts.

186. The allegations of Paragraph 186 and its subparts contain legal conclusions that require no response. To the extent that a response is deemed required, Defendants deny the allegations of Paragraph 186 and its subparts.

187. The allegations of Paragraph 187 contain legal conclusions that require no response. To the extent that a response is deemed required, Defendants deny the allegations of Paragraph 187, inclusive of footnotes.

188. The allegations of Paragraph 188 contain legal conclusions that require no response. To the extent that a response is deemed required, Defendants deny the allegations of Paragraph 188.

189. Defendants deny the allegations of Paragraph 189 and deny that Plaintiffs are entitled to any damages whatsoever.

190. Defendants deny the allegations of Paragraph 190 and deny that Plaintiffs are entitled to any damages whatsoever.

191. Defendants deny the allegations of Paragraph 191 and deny that Plaintiffs are entitled to any damages or restitution whatsoever.

192. Defendants deny the allegations of Paragraph 192 and deny that Plaintiffs are entitled to any damages, costs, and attorneys' fees whatsoever.

## PRAYER FOR RELIEF

Defendants deny all allegations of fact and law in Plaintiffs' Prayer for Relief, inclusive of subparts a through j.

## DEMAND FOR TRIAL BY JURY

Defendant requests trial by jury.

## FIRST AFFIRMATIVE DEFENSE

Plaintiffs' First Amended Complaint should be dismissed because it fails to state a claim upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

Some or all of Plaintiffs' claims are barred by the applicable statute of limitations.

## THIRD AFFIRMATIVE DEFENSE

At all relevant times to this lawsuit, Defendants acted in good faith and did not violate any of Plaintiffs' rights under any federal, state, or international law, regulation, or guideline and had reasonable grounds for believing its actions with respect to Plaintiffs were not in violation of any law, rule, regulation, or guideline.

## FOURTH AFFIRMATIVE DEFENSE

Plaintiff's Second Amended Complaint must be dismissed on the grounds that Plaintiffs lack standing to bring or maintain all or part of this action, individually or as a class.

## FIFTH AFFIRMATIVE DEFENSE

Those alleged to be "similarly situated" to Plaintiffs have no commonality, lack numerosity, typicality, and otherwise fail to satisfy legal requirements for class action under Fed. R. Civ. P. 23.

## SIXTH AFFIRMATIVE DEFENSE

Plaintiffs are not entitled to declaratory or injunctive relief because there is no alleged ongoing violation of the Trafficking Victims Protection Act, as alleged.

17

### SEVENTH AFFIRMATIVE DEFENSE

Defendants assert the affirmative defense of sovereign and governmental immunity under Federal and Georgia law, which protects the States, their agencies, political subdivision and officials from suit and liability. *See Mojsilovic v. Oklahoma ex rel. Bd. of Regents for Univ. of Oklahoma*, 841 F.3d 1129 (10th Cir. 2016).

### EIGHTH AFFIRMATIVE DEFENSE

Plaintiffs were entitled to choose to participate or not participate in the Voluntary Work Program at issue, and Plaintiffs cannot prove that their labor was forced.

### NINTH AFFIRMATIVE DEFENSE

Plaintiffs were not forced, threatened with force, mistreated, or physically restrained with the purpose of obtaining labor, did not experience serious harm or threats thereof, did not experience abuse of law or legal process or threats thereof, and were not caused to believe that they or any other person would suffer serious harm or physical restraint, in exchange for participating in the Voluntary Work Program.

### TENTH AFFIRMATIVE DEFENSE

To the extent that Plaintiffs' claimed damages were caused, in whole or in part, by their failure to follow Defendants' policies, Plaintiffs' claims are barred by the doctrine of in *pari delicto* and the doctrine of avoidable consequences.

### ELEVENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims for damages are barred, in whole or in part, by their own behavior, the doctrine of unjust enrichment and the doctrine of unclean hands.

### TWELFTH AFFIRMATIVE DEFENSE

To the extent that Plaintiffs would be awarded damages, the damages should be reduced by Plaintiffs' failure to mitigate their damages.

18

## THIRTEENTH AFFIRMATIVE DEFENSE

Some or all of the claims asserted in the First Amended Complaint may be barred by one or more contractual defenses, waiver, unclean hands, accord and satisfaction, res judicata and/or estoppel.

## FOURTEENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part, because Plaintiffs failed to exhaust the administrative remedies required to purse a claim.

## FIFTEENTH AFFIRMATIVE DEFENSE

Plaintiffs' recovery in this matter, if any, must be limited by applicable damages caps.

## SIXTEENTH AFFIRMATIVE DEFENSE

At all times, Defendants exercised reasonable care to prevent and correct any improper behavior.

## SEVENTEENTH AFFIRMATIVE DEFENSE

In the event that any of the allegations of unlawful conduct in the First Amended Complaint are found to have merit, which is denied, Plaintiffs willingly participated in and contributed to the conduct complained of.

## EIGHTEENTH AFFIRMATIVE DEFENSE

Plaintiffs' damages, if any, were caused by the fault of others for whom Defendants are not responsible.

## NINETEENTH AFFIRMATIVE DEFENSE

Because of Plaintiffs' own negligence or improper conduct, acts or omissions, Plaintiff's purported causes of action are barred by the doctrine of waiver.

## TWENTIETH AFFIRMATIVE DEFENSE

Plaintiffs are barred from recovery because it would result in Plaintiffs' unjust enrichment.

### TWENTY-FIRST AFFIRMATIVE DEFENSE

Any of the alleged actions taken by Defendants towards Plaintiff were taken for legitimate, authorized reasons.

### TWENTY-SECOND AFFIRMATIVE DEFENSE

Defendants deny that they was motivated by any unlawful animus with respect to any actions taken towards Plaintiffs.

### TWENTY-THIRD AFFIRMATIVE DEFENSE

Plaintiffs are barred from recovery to the extent that their claims are not sufficiently based in fact.

### TWENTY-FOURTH AFFIRMATIVE DEFENSE

Defendants have not been criminally charged with violation of any provision of the Trafficking Victims Protection Act.

### TWENTY-FIFTH AFFIRMATIVE DEFENSE

Defendants have not obstructed or interfered with the criminal enforcement of any provision of the Trafficking Victims Protection Act.

### TWENTY-SIXTH AFFIRMATIVE DEFENSE

Plaintiffs' allegations are not susceptible of the Alien Tort Statute because they are not in violation of the law of nations or a treaty of the United States, as pled.

### TWENTY-SEVENTH AFFIRMATIVE DEFENSE

Plaintiffs' allegations do not meet the standards required to justify an award of attorneys' fees, costs, or restitution.

### TWENTY-EIGHTH AFFIRMATIVE DEFENSE

Plaintiffs have failed to properly plead, and cannot prove, that they are entitled to relief based on a claim of unjust enrichment.

## TWENTY-NINTH AFFIRMATIVE DEFENSE

Defendant reserves the right to add additional affirmative defenses, as they become known through further investigation and/or discovery.


**WHEREFORE**, Defendants, LASALLE MANAGEMENT COMPANY, L.L.C., LASALLE SOUTHEAST, LLC, CGL IRWIN PROPERTIES, LLC, AND CGL/LASALLE IRWIN PROPERTIES, LLC, pray that this Answer to Plaintiffs' First Amended Complaint – Class Action be deemed good and sufficient and, after due proceedings are had there be judgment herein in its favor and against Plaintiffs, Nilson Barahona, Nikolas Gazetas, and Omar Isaias Tavira Garcia, individually and on behalf of members of the Proposed Class, at Plaintiffs' costs, and for all other general and equitable relief.

Respectfully submitted,

**LASALLE MANAGEMENT COMPANY, L.L.C., LASALLE SOUTHEAST, LLC, CGL IRWIN PROPERTIES, LLC, AND CGL/LASALLE IRWIN PROPERTIES, LLC**

By: _/s/ Magdalen B. Bickford_
        Magdalen B. Bickford
        One of their Attorneys

**OF COUNSEL:**

DEIRDRE C. MCGLINCHEY (*Pro Hac Vice*)
Louisiana Bar Roll #24167
MAGDALEN BLESSEY BICKFORD (*Pro Hac Vice*)
Louisiana Bar Roll #17472
ANDREW M. ALBRITTON (*Pro Hac Vice)*
Louisiana Bar Roll #39780
McGLINCHEY STAFFORD, PLLC
601 Poydras Street, 12th Floor
New Orleans, Louisiana 70130
Telephone (504) 586-1200 | Fax: (504) 596-2800
Email: dmcglinchey@mcglinchey.com
Email: mbickford@mcglinchey.com
Email: cbryant@mcglinchey.com

and

JOHN T. ROUSE (GA Bar No. 868514)
Mississippi Bar No. 105723
McGLINCHEY STAFFORD, PLLC
1020 Highland Colony Pkwy, Ste. 406
Ridgeland, Mississippi 39157
Telephone: (769) 524-2329 | Fax: (601) 608-7871
Email: jrouse@mcglinchey.com

*Counsel for Defendants LaSalle Management
Company, L.L.C., LaSalle Southeast, LLC,
CGL Irwin Properties, LLC, and
CGL/LaSalle Irwin Properties, LLC*

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 14th day of April, 2025, a true and correct copy of the foregoing has been electronically filed with the Clerk of Court using the CM/ECF system, which will send Notice of Electronic filing to all counsel of record.

THIS, the 14th day of April, 2025.

*/s/Andrew M. Albritton*
ANDREW M. ALBRITTON
