**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION**

NILSON BARAHONA,                          :
NIKOLAS GAZETAS, and                      :
OMAR ISAIAS TAVIRA GARCIA,                :
                                          :
      Plaintiffs,                       :          **CASE NO:**
    v.                                  :          **7:23-cv-24—WLS**
                                          :
LASALLE MANAGEMENT COMPANY, LLC           :
d/b/a LASALLE CORRECTIONS,                :
LASALLE SOUTHEAST, LLC,                   :
CGL IRWIN PROPERTIES LLC, and             :
CGL/LASALLE IRWIN PROPERTIES LLC,         :
                                          :
      Defendants.                       :
_____

## DISCOVERY/SCHEDULING ORDER

A discovery conference was held in the above-styled action on **Wednesday, May 21, 2025**. To memorialize the Court's oral instructions at that conference, the Court hereby issues the following modifications of the joint proposed discovery and scheduling order.

The Court has advised the parties that they may mediate or otherwise engage in some form of alternative dispute resolution ("ADR") or settlement negotiations prior to completion of discovery. The time required to pursue some form of ADR or good-faith settlement negotiations, of not more than **thirty (30) days**, will not be charged against the parties during the discovery period. Counsel are directed that they must, after advising their respective clients about ADR, notify this Court in writing within **fourteen (14) days** from the date of this Order whether ADR is a viable option. If, due to a good-faith effort to resolve this matter through ADR, the parties need an extension of discovery up to **thirty (30)** additional days, this request must be made by timely written motion to the Court.

Following the discovery conference and representations of counsel, the Court makes the following modifications to the jointly executed proposed discovery and scheduling order, which is adopted and made part of this Order to the extent it does not conflict with the instant Order:

1

1)    Initial disclosures, pursuant to Federal Rule of Civil Procedure 26(a)(1), will be served on or before **Friday, June 6, 2025**.

2)    Motions to join another party or amend pleadings are due by **Thursday, August 14, 2025**. This deadline may be extended for a reasonable period by timely written motion upon good cause shown.

3)    Fact discovery must be completed by **Friday, May 15, 2026**, unless extended by the Court for good cause shown upon timely written motion by either party.

4)    Any discovery requests filed by a party upon another party must be filed no later than the date after which the responses thereto may be filed timely by the respondent in conformance with the Federal Rules of Civil Procedure prior to the expiration of the designated discovery period, including any extension of the discovery period as provided by order of the Court.  A respondent is relieved from responding to discovery requests that do not meet this requirement.

5)    Plaintiffs' motion for class certification must be filed on later than **Friday, February 13, 2026**.

6)    Immediately after the filing of Plaintiffs' motion for class certification, the parties shall confer to discuss whether an extension of the remaining approximately three-month time period is sufficient to conclude discovery, and if appropriate, the parties shall promptly file a motion for extension.

7)    Unless discovery is extended by order of the Court, all dispositive motions must be filed no later than **Monday, June 15, 2026**. In the event discovery is extended, all dispositive motions must be filed no later than thirty (30) days after the close of discovery.

8)    Unless extended by the Court upon a showing of good cause by either party upon timely written motion, all motions made under Rule 37 must be filed within twenty-one (21) days of the date on which the response(s) was due, or twenty-one (21) days of receipt of an allegedly inadequate response or other alleged violation of Rule 37, and no later than twenty-one (21) days after the close of discovery, whichever first occurs.

9)    As an alternative to filing a formal motion under Rule 37, the parties, within the time allowed, may contact the Courtroom Deputy, Gloria D. Anderson, by phone at 229-430-8553 or by email at gloria_anderson@gamd.uscourts.gov to request a telephonic

conference with the Court to address and resolve the disputed matter. By close of business on the last business day prior to the conference, counsel shall provide a concise statement of the issues and summary of each party's position. Counsel may provide a joint statement submitted by either counsel.

10) If necessary, each party must serve upon other parties, disclosures relating to expert witnesses, as required by Rule 26(a)(2)(A)–(B) of the Federal Rules of Civil Procedure, by the following dates:

      a.     Plaintiffs' case-in-chief:  **Monday, March 16, 2026**;
      b.     Defendants' case-in-chief: **April 15, 2026**;
      c.     Parties' Rebuttal Expert Reports: **Wednesday, April 29, 2026**; and
      d.     Parties' Supplemental Expert Reports: **Wednesday, May 6, 2026**.

11) Any motion challenging the qualification(s) of any expert witness to offer opinion testimony, raised under *Daubert* or Rules 104(a), 702, and 703 of the Federal Rules of Evidence, must be filed no later than:

      a.     **Monday, June 15, 2026**, if the motion is filed by a party in connection with the party's dispositive motion. However, in the event discovery is extended, all such motions must be filed no later than forty-five (45) days after the close of discovery;

      b.     **Monday, July 6, 2026**, if the motion is made by a party in response to a dispositive motion. However, in the event discovery is extended, the motion must be filed no later than twenty-one days after the dispositive motion deadline; or

      c.     **fourteen (14) days** after notice of the pretrial conference is entered, if the motion relates to a trial witness or issue, and if necessary, the motion will be heard at the pretrial conference.

12) Any objections to proffered testimony of any expert witness (who will testify at trial through his or her deposition) must be raised at the pretrial conference.

13) If a protective order is necessary, the parties shall confer and file a joint proposed protective order or motion for protective order within **thirty (30)** days after entry of this Order. If an extension of this deadline is necessary, the parties shall file a timely motion for extension.

14) The parties agreed they will file a proposed joint ESI protocol that defines production formats, processing specifications, rules for identification and collection of

3

documents, preservation, assertions of privilege, and other related topics, with the Court by **Friday, June 6, 2025**.

15) The parties further agreed to the following modifications to the discovery limitations imposed by the Federal and Local Rules and Part III of the Rules 16 and 26 Order (Doc. 83):

    a.    Interrogatories – Maximum of 30 per side directed to any other party;

    b.    Requests for Production – Maximum of 25 per side directed to any other party;

    c.    Requests to Admit – Maximum of 20 per side directed to any other party; and

    d.    Depositions – Maximum of 15 per side directed to any other party (not including experts).

Based upon the foregoing schedule, this case tentatively should be ready for trial to commence during the **November 2026** Valdosta Division term of Court beginning November 2, 2026, or as otherwise ordered by the Court.[1]

To move cases expeditiously, the Court will strictly enforce Local Rule 6.2. Accordingly, should any party request an additional extension of time for filing motions, pleadings, responses, or other documents beyond that granted by the Clerk or his deputy when permitted without leave of Court, such request must be made by written motion filed no later than five (5) days before the expiration of the extension granted by the Clerk. Additionally, should any written motion for an initial extension of time for filing be made directly to the Court, it must be filed no later than two (2) business days before the expiration of the deadline sought to be extended. Such motion must state why an extension is needed. Despite any extension that may be given, the parties are directed to act expeditiously and in good faith to complete discovery as scheduled.

The parties are further reminded that, pursuant to Local Rule 56, parties must include a separate, short, and concise statement of material facts, including specific reference to the

---

[1] As stated at the conference, the trial date is tentative and will be set in connection with the Court's order for the parties to prepare a proposed pretrial order. Therefore, no motion to continue or extend the tentative trial date is necessary.

relevant documents which support such contentions. Failure to comply with Local Rule 56 may result in the denial of the motion or rejection of the response.

Additionally, the parties are instructed not to file *Daubert* motions within dispositive motions or in any other manner except as set forth hereafter. As the resolution of *Daubert* motions necessarily requires a hearing, the weighing of facts, or credibility determinations, it is not appropriate to merge the two types of motions or the motion and response to a dispositive motion into one. Therefore, if a dispositive motion requires the resolution of a *Daubert* issue*, e.g.*, where an identified expert is required to make out a prima facie claim or defense, a motion addressing that issue must be filed separately and contemporaneously. Doing so will separate fact-finding, evidence-weighing, and credibility determinations by the Court from its consideration of dispositive motions.

Further, all evidence produced by a party in response to a discovery request made under the Federal Rules of Civil Procedure is deemed to be authenticated, and no other proof of authentication for admission at trial is necessary, unless the producing party specifically notes in writing and contemporaneously with production of the evidence to the requesting party the grounds for waiver of or objection to the presumption of authentication. Initial discovery disclosures produced under Rule 26(a) of the Federal Rules of Civil Procedure will not be deemed authenticated unless so designated in response to a later discovery request. Substantive objections are not waived by said production.

**SO ORDERED**, this 22nd day of May 2025.

**/s/ W. Louis Sands**
**W. LOUIS SANDS, SR. JUDGE**
**UNITED STATES DISTRICT COURT**