IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

NILSON BARAHONA,                                          :
NIKOLAS GAZETAS, and                                     :
OMAR ISAIAS TAVIRA GARCIA,                               :
                                                         :
        **Plaintiffs,**                                  :          **CASE NO:**
        v.                                               :          **7:23-cv-24–WLS**
                                                         :
LASALLE MANAGEMENT COMPANY, LLC                          :
d/b/a LASALLE CORRECTIONS,                               :
LASALLE SOUTHEAST, LLC,                                  :
CGL IRWIN PROPERTIES LLC, and                            :
CGL/LASALLE IRWIN PROPERTIES LLC,                        :
                                                         :
        **Defendants.**                                  :
_____                  :

## ORDER

Before the Court is Defendant CGL Irwin Properties, LLC's Motion to Dismiss Plaintiffs' Complaint (Doc. 110) ("Motion to Dismiss"). Therein, CGL Irwin Properties, LLC ("CGL Irwin") moves to dismiss Plaintiffs' First Amended Complaint (Doc. 30) ("Amended Complaint'") pursuant to Federal Rule of Civil Procedure 12(b)(5) asserting insufficient service of process. For the reasons discussed herein, the Motion to Dismiss is denied.

## I.    PROCEDURAL BACKGROUND

Plaintiffs, Nilson Barahona, Nikolas Gazetas, and Omar Isaias Tavira Garcia, are former civilly-detained immigrants who were housed at the Irwin County Detention Center in Ocilla, Georgia. On March 10, 2023, the Plaintiffs filed this class action against LaSalle Southeast, LLC ("LaSalle SE"), LaSalle Management Company, L.L.C, dba LaSalle Corrections ("LaSalle Management"), LaSalle Corrections, LLC ("LaSalle Corrections"), and Irwin County Detention Center. On June 16, 2023, Plaintiffs filed the Amended Complaint adding Irwin County Detention Center LLC, CGL LaSalle/Irwin Properties, LLC ("CGL

1

LaSalle") and CGL Irwin as Defendants.[1] Summonses were issued to these three additional Defendants, with the Summonses for CGL LaSalle and CGL Irwin providing for service on Capital Corporate Services, Inc. of Duluth, Georgia, the Registered Agent for both CGL LaSalle and CGL Irwin. (Docs. 31-1, 31-2).

Rule 12(b)(6) motions to dismiss filed on behalf of Defendants LaSalle SE, LaSalle Management, and CGL LaSalle were denied by an Order (Doc. 73) entered September 30, 2024. A Rule 12(b)(2) motion to dismiss filed by LaSalle Management and LaSalle Corrections was denied as to LaSalle Management and granted as to LaSalle Corrections by an Order (Doc. 81) entered March 31, 2025.

On April 14, 2025, an Answer (Doc. 82) was filed on behalf of the four remaining Defendants: CGL Irwin, LaSalle SE, LaSalle Management, and CGL LaSalle. The Answer listed Magdalen B. Bickford, Dierdre C. McGlinchey, Andrew M. Albritton, and John T. Rouse, all of the firm of McGlinchey Stafford, PLLC (collectively, the "McGlinchey Attorneys"), as counsel for all four Defendants.

On April 30, 2025, the McGlinchey Attorneys filed a Motion to Withdraw as Counsel of Record (Doc. 85) ("Withdrawal Motion"), in which they moved to withdraw as counsel for CGL Irwin. Withdrawal was sought because "[d]ue to a clerical error," the Answer inadvertently listed the McGlinchey Attorneys as representing CGL Irwin. (Doc. 85 ¶ 1). Because their withdrawal would leave CGL Irwin without representation, the McGlinchey Attorneys further represented that "CGL Irwin Properties, LLC is aware that it retains the burden of keeping the Court informed respecting where notices, pleadings, or other purposes may be served" (Doc. 85 ¶ 5), that the "dates of scheduled proceedings will not be affected by this withdrawal" (*Id.* ¶ 9), and that they provided CGL Irwin with the appropriate notice of their intent to withdraw to which CGL Irwin consented. (*Id.* ¶¶ 3–4; *see also* M.D. Ga. L.R. 83.1.4 (outlining contents of appropriate notice to client for attorney withdrawal). The Withdrawal Motion was granted by Order entered May 2, 2025 (Doc. 86).

---

[1] After Plaintiffs filed a response of no opposition, on February 27, 2024, the Court entered an Order granting the motion to dismiss Plaintiffs' claims against Irwin County Detention Center and Irwin County Detention Center, LLC, without prejudice. (*See* Docs. 38, 44 & 56).

Also on May 2, 2025, the Court, *sua sponte*, entered an Order (Doc. 87) ("Show Cause Order") requiring Plaintiffs to file evidence of returned summons executed or waived as to CGL Irwin, or to show cause as to why the Amended Complaint should not be dismissed as to CGL Irwin for failure to timely serve CGL Irwin. On May 8, 2025, Plaintiffs filed their response (Doc. 89). Therein, Plaintiffs did not dispute that they failed to timely serve CGL Irwin. They requested the Court grant them extra time to serve CGL Irwin and provided the following explanation as good cause for their failure: (1) due to the similarity of some of the Defendants' names, they did not realize that CGL Irwin had not filed a motion to dismiss when the other Defendants filed their motions to dismiss; (2) Plaintiffs believed that CGL Irwin had waived service of process because the Answer to the Amended Complaint showed it was filed on behalf of all remaining Defendants, including CGL Irwin; and (3) granting Plaintiffs extra time to serve CGL Irwin would not prejudice the parties because discovery had not yet commenced.

On May 13, 2025, the Court entered an Order (Doc. 90) ("Service Extension Order") finding that "[u]pon full review and consideration of the record, the Court finds that Plaintiffs have shown good cause for their failure to serve CGL Irwin Properties, LLC." (*Id.* at 2). Therefore, Plaintiffs were allowed twenty-one days from entry of the Service Extension Order within which to perfect service. Plaintiffs timely served CGL Irwin as permitted by the Service Extension Order on May 30, 2025. (*See* Doc. 93).

CGL Irwin filed its Motion to Dismiss on July 21, 2025. Attached thereto is a Declaration of Elise Simmons, Chief Financial Officer of CGL Companies (Doc. 110-2) ("Simmons Declaration"). CGL Irwin is one of the affiliates in CGL Companies. (*Id.* ¶ 2). Ms. Simmons states she is familiar with records relating to service of process on CGL Irwin (*Id.* ¶ 4), that CGL Irwin was not served with process in this case until May 30, 2025 (*Id.* ¶ 14), and that CGL Irwin was unaware of this case until shortly before it was served on May 30, 2025 (*Id.* ¶ 15). Finally, Ms. Simmons states that "[s]ince July 1, 2020, CGL Irwin has had no ongoing connection to the Irwin County Detention Center."[2] (*Id.* ¶ 10).

---

[2] As CGL Irwin recognizes, the Complaint involves events predating July 1, 2020. (Doc. 110-1 at 12).

3

Plaintiffs filed a timely response (Doc. 113) on August 4, 2025, to which CGL Irwin filed a reply (Doc. 114) on August 18, 2025. Thus, the Motion to Dismiss is ripe for decision.

## II.    LAW

"[T]he core function of service is to supply notice of the pendency of a legal action, in a manner and at a time that affords the defendant a fair opportunity to answer the complaint and present defenses and objections." *Henderson v. United States*, 517 U.S. 654, 672 (1996). "[A] judge may make factual findings necessary to resolve motions to dismiss for . . . ineffective service of process[,]" and "'factual question raised by the affidavits or other evidence presented on a . . . Rule 12(b)(5) motion should be determined by the district court.'" *Bryant v. Rich*, 530 F.3d 1368, 1376 (11th Cir. 2008) (quoting 5B Wright & Miller, Fed. Prac. & Proc. Civ. § 1353).

A plaintiff must serve the summons and a copy of the complaint on each defendant within 90 days after the complaint is filed. Fed. R. Civ. P. 4(c), (m). Rule 4(c) requires that a summons be served along with a copy of the complaint, and that the "plaintiff is responsible for having the summons and complaint served within the time allowed by Rule 4(m)." Fed. R. Civ. P. 4(c)(1). Under Federal Rule of Civil Procedure 4(m),

> If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—*must* dismiss the action without prejudice against that defendant *or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.*

Fed. R. Civ. P. 4(m) (emphasis added). A defendant asserting insufficient service of process under Rule 12(b)(5) "must describe with specificity how the service of process failed to meet procedural requirements governing service." *Glover v. City of Abbeville*, No. 5:19-CV-277, 2020 WL 1876253, at *3 (M.D. Ga. Apr. 15, 2020) (*citing Moore v. McCalla Raymer, LLC*, 916 F. Supp. 2d 1332, 1339 (N.D. Ga. 2013)). The plaintiff, then has the burden of establishing the validity of service. *See Familia De Boom v. Arosa Mercantil, S.A.*, 629 F.2d 1134, 1139 (5th Cir. 1980),[3] *overruled on other grounds by Ins. Corp. of Ireland, Ltd. v. Compagnie Des Bauxites de Guinee*, 456 U.S. 694 (1982).

---

[3] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (*en banc*), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down before October 1, 1981.

Under a straightforward reading of Rule 4(m), the Court "must" extend time for service if the plaintiff shows good cause for failing to timely serve a defendant. "Good cause exists only when some outside factor, such as reliance on faulty advice, rather than inadvertence or negligence, prevented service." *Lepone-Dempsey v. Carroll Cnty. Comm'rs*, 476 F.3d 1277, 1281 (11th Cir. 2007) (alterations adopted) (internal quotation marks omitted). Absent a showing of good cause, Rule 4(m) provides the district court with discretion to extend the time for service for a specified period. The Eleventh Circuit has held that

> [W]hen a district court finds that a plaintiff fails to show good cause for failing to effect timely service pursuant to Rule 4(m), the district court *must* still consider whether any other circumstances warrant an extension of time based on the facts of the case. Only after considering whether any such factors exist may the district court exercise its discretion and either dismiss the case without prejudice or direct that service be effected within a specified time.

*Id.* at 1282 (emphasis added); *see also Henderson*, 517 U.S. at 662 (stating in *dicta* that under the 1993 amendments to the Rules, the courts were given discretion to enlarge the then 120–day service period "even if there is no good cause shown."[4]). "The Federal Rules thus convey a clear message: Complaints are not to be dismissed if served within [90] days, *or within such additional time as the court may allow*." *Horenkamp v. Van Winkle & Co.*, 402 F.3d 1129, 1132 (11th Cir. 2005) (emphasis added) (internal quotation marks omitted) (quoting *Henderson*, 517 U.S. at 663). In considering circumstances that warrant a discretionary extension, the Eleventh Circuit looks to the 1993 Advisory Committee Notes for an unexhaustive list of such circumstances stating that "[r]elief may be justified, *for example*, if the applicable statute of limitations would bar the refiled action, or if the defendant is evading service or conceals a defect in attempted service." *Lepone-Dempsey*, 476 at 1282 (emphasis added) (quoting Fed. R. Civ. P. 4(m), Advisory Committee Note, 1993 Amendments); *Horenkamp*, 402 F.3d at 1132-33 (same). Other factors courts may consider in determining whether to exercise their

---

[4] Rule 4(m) in effect at the time of the *Henderson* decision provided:

> If service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint, the court, upon motion or on its own initiative after notice to the plaintiff, shall dismiss the action without prejudice as to that defendant *or direct that service be effected within a specified time*; provided that if the plaintiff shows good cause for the failure, the court shall extend the time for service for an appropriate period.

*Henderson*, 517 U.S. at 663 n.10.

discretion to grant an extension are whether the defendant had actual knowledge of the complaint and whether the defendant would be prejudiced by the extension. *Cutuli v. Elie* (*In re Cutuli*), 13 F.4th 1342, 1347 (11th Cir. 2021); *see also Smith v. United States*, No. 5:21-cv-237, 2022 WL 1432541, at *2 (M.D. Ga. May 5, 2022) (also considering plaintiff's efforts to serve defendant after expiration of 90-day period and preference for adjudication of cases on their merits).

## III.   THE MOTION TO DISMISS

### A.   Rule 12(b)(5)

The sole basis for the Motion to Dismiss is the timing of service on CGL Irwin. There is no dispute that CGL Irwin was not served until almost two years after the Amended Complaint was filed. CGL Irwin states that it "does not seek review of the Court's order [Doc. 90] granting Plaintiffs additional time [pursuant to Rule 4(m)] to serve CGL Irwin. . . . Rather, as plainly stated in CGL Irwin's Motion and accompanying Brief, CGL Irwin seeks dismissal of Plaintiffs' claims against it pursuant to Rule 12(b)(5)." (Doc. 114 at 2). However, an analysis of sufficiency of service under Rule 12(b)(5) cannot be done without reference to the requirements of Rule 4(m) as well as the ability of courts to extend the time for service under Rule 4(m). Rule 4(m) sets out a 90-day period for service, but it also gives the Court the discretion, and at times requires it, to expand that period, which the Court has done in this case.

The initial burden is on CGL Irwin to "describe with specificity how the service of process *failed to meet procedural requirements governing service.*" *Glover*, 2020 WL 1876253, at *3. As Plaintiffs note, the Service Extension Order found that Plaintiffs had established good cause for an extension of time to serve CGL Irwin. The Service Extension Order complied with Rule 4(m) and effectively extended the time for Plaintiffs to meet the procedural requirements of service, and Plaintiffs complied with those requirements. The Court cannot ignore its prior Service Extension Order and CGL Irwin specifically states it does not seek review of that Order.

CGL Irwin replies that to the extent Plaintiffs argue that serving CGL Irwin two years late complied with Rule 4 "simply because the Court ordered it, that argument fails." (Doc.

114 at 3 n.1). CGL Irwin did not provide any support for this position, or how Plaintiffs' argument fails where such extension is specifically provided for by Rule 4(m). CGL argues multiple times that it was not served with the Show Cause Order and did not have notice of or an opportunity to oppose Plaintiffs' request for an extension of time to perfect service on CGL Irwin. Yet, CGL Irwin did not seek review of the Service Extension Order on that basis or any other basis.

CGL Irwin's arguments throughout its Motion to Dismiss ignore the effect of the Service Extension Order. It further ignores the language in Rule 4(m) that "the court—on . . . its own after notice to the *plaintiff*—must dismiss the action without prejudice against that defendant *or order that service be made within a specified time*." Fed. R. Civ. P. 4(m) (emphasis added). It is noteworthy that Rule 4(m) requires notice to only the plaintiff—which makes sense as the defendant addressed in Rule 4(m) has not been served and is not yet a party to the action. CGL Irwin essentially disputes the Court's finding of good cause and further disputes that the circumstances in this case are ones in which the Court should exercise its discretion to extend the time for Plaintiffs to serve CGL Irwin. Yet, again, it specifically states it does not seek review of the Service Extension Order that made those findings. The Court will not reconsider its own Order *sua sponte*.

The Plaintiffs are correct, the Service Extension Order granted them a twenty-one-day extension of time within which to serve CGL Irwin. They met that requirement. As the Supreme Court stated in *Henderson*: "Complaints are not to be dismissed if served within [90] days, *or within such additional time as the court may allow*." *Henderson*, 517 U.S. at 663 (emphasis added).

Thus, the Court finds that CGL Irwin cannot meet its burden under Rule 12(b)(5) to "describe with specificity how the service of process failed to meet procedural requirements governing service." *Glover*, 2020 WL 1876253, at *3; *see also* Fed. R. Civ. P. 4(c), (m) (together setting procedural requirements for service of complaint and summons within 90 days of filing complaint, and allowing for extension of service period). Because CGL Irwin has not met its initial burden, the burden does not shift to the Plaintiffs. Therefore, the Court need not delve into CGL Irwin's remaining arguments regarding Plaintiffs' failure to show good cause or whether the Court should exercise its discretion to extend the time for service.

### B.  <u>Rule 12(b)(6) Issues</u>

Plaintiffs note that CGL Irwin implies that the Amended Complaint should be dismissed because CGL Irwin "has no affiliation with the LaSalle entities." (*See* Doc. 113 at 13–14; Doc. 110-1 at 4). Plaintiffs state that by making such assertion, CGL Irwin appears to make an argument for dismissal under Rule 12(b)(6). However, CGL Irwin has sought dismissal only under Rule 12(b)(5) in the current Motion to Dismiss. Plaintiffs argue that by not including the defense of failure to state a claim in its current Motion to Dismiss, CGL Irwin has waived its Rule 12(b)(6) defense, if any. On the other hand, in its reply, CGL Irwin contends that it has not waived its right to file a Rule 12(b)(6) motion. (Doc. 114 at 7–8).

As a Rule 12(b)(6) motion is not currently before it, the Court declines to provide an advisory opinion as to whether CGL Irwin has waived the filing of such motion.

## IV.    CONCLUSION

Based on the foregoing, CGL Irwin Properties, LLC's Motion to Dismiss Plaintiffs' Complaint (Doc. 110) is **DENIED**.

**SO ORDERED**, this 20th day of March 2026.

<u>/s/W. Louis Sands</u>
**W. LOUIS SANDS, SR. JUDGE**
**UNITED STATES DISTRICT COURT**