**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION**

NILSON BARAHONA,                                    :
NIKOLAS GAZETAS, and                            :
OMAR ISAIAS TAVIRA GARCIA,               :
                                                                            :
       **Plaintiffs,**                                       :            **CASE NO:**
    v.                                                                 :            **7:23-cv-24—WLS**
                                                                            :
LASALLE MANAGEMENT COMPANY, LLC      :
d/b/a LASALLE CORRECTIONS,                   :
LASALLE SOUTHEAST, LLC,                        :
CGL IRWIN PROPERTIES LLC, and              :
CGL/LASALLE IRWIN PROPERTIES LLC,    :
                                                                            :
       **Defendants.**                                    :
_____

## AMENDED DISCOVERY/SCHEDULING ORDER

Before the Court is the Parties Joint Report Regarding Scheduling Order (Doc. 129) ("Report") filed in compliance with the Court's Order (Doc. 126) entered March 23, 2026, requiring the Parties to confer and present to the Court, in writing, proposed revisions to the discovery and related dates set forth in the Court's Discovery/Scheduling Order (Doc. 91), including a revised deadline for Plaintiffs' motion for class certification. The Court accepts the deadlines proposed in the Report and amends the Discovery/Scheduling Order (Doc. 91) as follows:

1)      Fact discovery must be completed by **Friday, April 16, 2027**, unless extended by the Court for good cause shown upon timely written motion by either party.

2)      Any discovery requests filed by a party upon another party must be filed no later than the date after which the responses thereto may be filed timely by the respondent in conformance with the Federal Rules of Civil Procedure prior to the expiration of the designated discovery period, including any extension of the discovery period as provided by order of the Court. A respondent is relieved from responding to discovery requests that do not meet this requirement.

1

3)    Plaintiffs' motion for class certification must be filed on later than **Friday, January 15, 2027**.

4)    Immediately after the filing of Plaintiffs' motion for class certification, the parties shall confer to discuss whether an extension of the remaining approximately four-month time period is sufficient to conclude discovery, and if appropriate, the parties shall promptly file a motion for extension. The Court emphasizes, however, that due diligence and cooperation on the part of all counsel is a prerequisite to good cause.

5)    Unless discovery is extended by order of the Court, all dispositive motions must be filed no later than **Friday, May 14, 2027**. In the event discovery is extended, all dispositive motions must be filed no later than thirty (30) days after the close of discovery.

6)    Unless extended by the Court upon a showing of good cause by either party upon timely written motion, all motions made under Rule 37 must be filed within twenty-one (21) days of the date on which the response(s) was due, or twenty-one (21) days of receipt of an allegedly inadequate response or other alleged violation of Rule 37, and no later than twenty-one (21) days after the close of discovery, whichever first occurs. The Court will strictly enforce this requirement.

7)    As an alternative to filing a formal motion under Rule 37, the parties, within the time allowed, may contact the Courtroom Deputy, Gloria D. Anderson, by phone at 229-430-8553 or by email at gloria_anderson@gamd.uscourts.gov to request a telephonic conference with the Court to address and resolve the disputed matter. By close of business on the last business day prior to the conference, counsel shall provide a concise statement of the issues and summary of each party's position. Counsel may provide a joint statement submitted by either counsel.

8)    If necessary, each party must serve upon other parties, disclosures relating to expert witnesses, as required by Rule 26(a)(2)(A)–(B) of the Federal Rules of Civil Procedure, by the following dates:

        a.    Plaintiffs' case-in-chief:  **Friday, February 19, 2027**;
        b.    Defendants' case-in-chief:  **Friday, March 19, 2027**;
        c.    Parties' Rebuttal Expert Reports:  **Friday, April 2, 2027**; and
        d.    Parties' Supplemental Expert Reports:  **Friday, April 9, 2027**.

2

9)      Any motion challenging the qualification(s) of any expert witness to offer opinion testimony, raised under *Daubert* or Rules 104(a), 702, and 703 of the Federal Rules of Evidence, must be filed no later than:

a.      **Friday, May 14, 2027**, if the motion is filed by a party in connection with the party's dispositive motion. However, in the event discovery is extended, all such motions must be filed no later than forty-five (45) days after the close of discovery;

b.      **Friday, June 4, 2027**, if the motion is made by a party in response to a dispositive motion. However, in the event discovery is extended, the motion must be filed no later than twenty-one days after the dispositive motion deadline; or

c.      **fourteen (14) days** after notice of the pretrial conference is entered, if the motion relates to a trial witness or issue, and if necessary, the motion will be heard at the pretrial conference.

10)     Any objections to proffered testimony of any expert witness (who will testify at trial through his or her deposition) must be raised at the pretrial conference.

11)     If any amendments to the Stipulated Protective Order (Doc. 106) or Stipulation Concerning Protocol for Production of Electronically Stored Information (Doc. 107) ("ESI stipulation") are necessary due to the denial of Defendant CGL Irwin Properties, LLC's Motion to Dismiss Plaintiffs' Complaint, the parties shall confer and file a joint amended proposed protective order and/or joint amended ESI stipulation or an appropriate motion amending either or both documents (Docs. 106, 107) within **thirty (30)** days after entry of this Order. If an extension of this deadline is necessary, the parties shall file a timely motion for extension.

Based upon the foregoing schedule, this case tentatively should be ready for trial to commence during the **November 2027** Valdosta Division term of Court beginning November 1, 2027, or as otherwise ordered by the Court.[1]

Except as amended above, the remainder of the Discovery/Scheduling Order (Doc. 91) shall remain in effect. In view of the extensive discovery extension granted herein, no further extensions will be granted except to prevent manifest injustice upon a timely filed

---

[1] The trial date is tentative and will be set in connection with the Court's order for the parties to prepare a proposed pretrial order.  Therefore, no motion to continue or extend the tentative trial date is necessary.

motion for good cause shown upon grounds not reasonably foreseeable or avoidable by the moving Party or Parties.

**SO ORDERED**, this 6th day of April 2026.

/s/W. Louis Sands
**W. LOUIS SANDS, SR. JUDGE**
**UNITED STATES DISTRICT COURT**

4